IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FILED JAN 0 7 2008
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION NO.<br>) |
| RAM INDUSTRIES, LLC | ) **COMPLAINT** 08 0090<br>) **JURY TRIAL DEMAND** |
| Defendant. | )<br>) |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to a class of older employees targeted for termination because of their age. As alleged with greater particularity in paragraph 7, on or about July 4, 2005, Defendant discriminated against a class of employees age 50 and older because of their age, when it targeted them for lay off and subsequently terminated their employment. Instead of recalling the older workers, Defendant retained younger employees and hired younger temporary employees, who later became permanent employees, to replace the class of older workers.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

1

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant, RAM Industries, LLC (the "Employer"), has continuously been doing business in the State of Pennsylvania and the City of Leesport, and has continuously had at least 20 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7. Since at least June 2005, the Defendant Employer has engaged in unlawful employment practices at its Leesport, Pennsylvania facility, in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623 (a)(1), by terminating a class of older employees and retaining and hiring younger employees to replace the older workers. These unlawful practices include, but are not limited to, the following:

A. In or about 2003, Defendant Employer informed the employees in its Printed Circuit Board (PCB) and Wiring Harness Divisions that due to a lack of work Defendant would be transferring work from these departments to its Mexico facility.

B. Defendant informed the workers in these departments that they would not lose their jobs and would be transferred to other departments within its Leesport facility.

C. On or about June 30, 2005, Defendant issued a massive lay off, and effective July 4, 2005, laid off thirteen (13) employees – six (6) Harness Assemblers and seven (7) PCB Assemblers- all of whom were over the age of 50.

D. Defendant did not have a lay off policy and informed the Production Leaders in the PCB and Harness Divisions to reduce its staff accordingly to fit Defendant's lay off projection numbers.

E. Defendant's Production Leaders contend that they evaluated their respective employees based upon their productivity and quality of workmanship.

F. Despite Defendant's alleged objective criteria, Defendant targeted a class of workers over the age of 50, and selected a total of thirteen (13) employees all over the age of 50 for termination.

G. Defendant retained several younger employees who had documented performance, productivity, and attendance issues that warranted their termination over the class of older workers selected for termination.

H. Contrary to Defendant's contention that it was transferring jobs to its Mexico facility due to a lack of work, soon after terminating the class of older workers, Defendant hired several younger temporary employees, who later became permanent employees, to replace the class of older workers selected for termination.

8. The effect of the practices complained of in paragraphs 7A through H above has been to deprive a class of older workers of equal employment opportunities and otherwise adversely affect their status as applicants for employment, because of their age.

9. The unlawful employment practices complained of in paragraphs 7A through H above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in discrimination based on age and any other employment practice which discriminates on the basis of age against individuals 40 years of age and older.

B. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C. Grant a judgment requiring Defendant Employer to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, or prejudgment interest in lieu thereof to individuals whose wages are being unlawfully withheld as a result of the acts complained of above, including but not limited to the class of older workers targeted for termination because of their age.

D. Order Defendant Employer to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to reinstatement and front pay to the class of older workers targeted for termination because of their age.

E.  Grant such further relief as the Court deems necessary and proper in the public interest.

F.  Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

RONALD S. COPPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
PHILADELPHIA DISTRICT OFFICE

*Jacqueline H. McNair (TRC)*
JACQUELINE H. MCNAIR
Regional Attorney

*Terrence R. Cook*
TERRENCE R. COOK
Supervisory Trial Attorney

*Dawn M. Edge*
DAWN M. EDGE
Trial Attorney
U.S. EEOC, Philadelphia District Office
801 Market Street
Penthouse, Suite 1300
Philadelphia, PA 19107-3127
(215) 440-2687(direct)
(215) 440-2848(fax)
Dawn.Edge@eeoc.gov

5