United States Equal Employment Opportunity Commission
Philadelphia District Office
801 Market Street
Penthouse, Suite 1300
Philadelphia, PA 19107
(215) 440-2687

Terrence Cook, Supervisory Trial Attorney
Dawn M. Edge, Trial Attorney
Counsel for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 08-0090 |
| RAM INDUSTRIES, LLC, | ) ) | |
| Defendant. | ) ) ) | |

## CONSENT DECREE

### Introduction

A.    This action was instituted by the U.S. Equal Employment Opportunity Commission ("EEOC" and/or "the Commission") on January 7, 2008, against Defendant RAM Industries, LLC ("RAM" or "Defendant") under the Age Discrimination in Employment Act ("the ADEA"). In its Complaint, the Commission alleged that RAM Industries discriminated against a class of older employees when it targeted them for lay off because of their age and subsequently terminated their employment. The Commission further alleged that instead of recalling the older workers, Defendant retained younger employees and hired younger temporary

employees, who later became permanent employees, to replace the class of older workers.  RAM Industries denies these allegations.

B.      This Consent Decree is entered into by and shall be final and binding between the EEOC and RAM Industries, its directors, officers, agents, successors and assigns.

C.      EEOC and RAM Industries agree to the entry of this Consent Decree, which shall fully and finally resolve with prejudice all claims the EEOC raised in its Complaint in Civil Action No. 08-0090.

D.      This Consent Decree shall not constitute either an adjudication of or finding on the merits of the Complaint and shall not be construed as an admission by RAM Industries of any violation of the ADEA or any other law.

Findings

E.      Having carefully examined the terms and provisions of this Consent Decree, and based on the pleadings, record and stipulations of the parties, the Court finds: (1) it has jurisdiction of the parties and subject matter jurisdiction of this action; and (2) the terms of this Decree are fair, reasonable, equitable and just, and adequately protect the rights of the parties, and the public interest.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

Non-Discrimination and Non-Retaliation

1.      RAM Industries agrees to comply fully with all of the provisions of the ADEA, including its anti-discrimination and anti-retaliation provisions.  This means that RAM Industries will not take action against any individual because he or she exercised any of his or her rights

2

under the ADEA, including filing a charge, providing testimony or assistance, participating in any manner in any investigation, proceeding or hearing under the ADEA, or opposing any practice that he or she reasonably believed to be unlawful under the ADEA.

Monetary Relief

2.      RAM Industries agrees to pay to the class members the sum of Three Hundred Twenty Nine Thousand Four Hundred Fifty Dollars ($329,450.00) in full settlement of the claims raised on behalf of the class of affected older employees against RAM Industries in the EEOC's Complaint, Civil Action No. 08-0090. RAM Industries shall issue checks payable to the identified class in the amounts stated on Attachment A within fourteen (14) days of receipt of a signed Release presented to the class members.  RAM Industries will also pay attorney's fees of Twenty Thousand Two Hundred and Two Dollars ($20,202.00) to the Law Offices of McDonnell & Associates, P.C.

RAM Industries will submit proof of payment by mailing a copy of the check issued in this matter to: Dawn M. Edge, Trial Attorney, EEOC, Philadelphia District Office, 801 Market Street, Penthouse, Suite 1300, Philadelphia, PA 19107.

Posting of Notice

3.      Within 20 business days after entry of this Decree, RAM Industries shall post on all bulletin boards used by RAM Industries for communicating with employees at the Leesport facility, same sized copies of the Notice attached as Attachment B to this Decree. The Notice shall remain posted for two years from the date of entry of this Decree.  RAM Industries shall forward a certification that the Notice has been posted and dates of posting within 30 days after entry of this Decree to Dawn M. Edge, Trial Attorney, EEOC, Philadelphia District Office, 801 Market Street, Penthouse, Suite 1300, Philadelphia, PA 19107.  If posted copies become defaced,

removed, marred or otherwise illegible, RAM Industries agrees to post a readable copy in the same manner as heretofore specified.

Training

4.      RAM Industries shall provide training on the requirements of the ADEA as follows:

(a)      RAM Industries agrees to provide a training session by EEOC or a vendor approved by the EEOC for any employee or employees at the Leesport facility responsible for responding to ADEA complaints.   The training will cover employee rights and employer obligations under both the ADEA and relevant state or local anti-discrimination laws.   RAM Industries will emphasize what constitutes unlawful discrimination in the workplace, how to keep the company free from such discrimination, what constitutes unlawful retaliation, and will summarize how to conduct a prompt and effective investigation into allegations, complaints or charges of discrimination;

(b)      RAM Industries shall provide training in accordance with Paragraph 4 by no later than 140 calendar days after entry of this Consent Decree.

5.      RAM Industries agrees at its expense to provide the EEOC with copies of all pamphlets, brochures, outlines or other written materials provided to attendees of training sessions. Even though the EEOC has approved of or designated a trainer to provide training for one year, it is not required to approve of or designate the same trainer for future training sessions.

6.      RAM Industries shall certify to the EEOC in writing within 10 business days after the training session required by Paragraph 4 has occurred that the training has taken place and the personnel who attended.   Such certification shall include: (i) the dates, location and duration of the training session; (ii) a copy of the registry of attendance, including the name and position

of each person in attendance; and (iii) a listing of the employee or employees at RAM Industries' Leesport facility, who are responsible for responding to ADEA complaints as of the date of the training.

## Reporting

7.      RAM Industries shall furnish to the EEOC the following written report at the end of the first year of this Consent Decree and upon the expiration of this Consent Decree:

(a)      a certification by RAM Industries that the Notice required to be posted by Paragraph 3 was posted for the required period of time;

(b)      notification by RAM Industries that it has distributed its policy or policies against discrimination, harassment and retaliation to employees, and that RAM Industries has disseminated them to all new employees, including temporary employees, hired at the Leesport facility within the six-month period preceding the report; and

(c)      notification that RAM Industries has complied with the training requirements of this Consent Decree.

## Dispute Resolution

8.      In the event either party to this Decree believes the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance within 20 days of the alleged non-compliance and afford the alleged non-complying party 45 business days to remedy the non-compliance or satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within 45 business days, the complaining party may apply to the Court for appropriate relief.

## Miscellaneous Provisions

9.      Each party to this Decree shall bear its own expenses, costs and attorneys' fees.

10.     The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, successors and assigns of RAM Industries in their capacities as representatives, agents, directors and officers of RAM Industries and not in their individual capacities. This paragraph shall not be construed as placing any limit on remedies available to the Court in the event any individual is found in contempt for a violation of this Decree.

11.     This Consent Decree shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 08-cv-0090.

12.     This Consent Decree shall be filed in the United States District Court for the Eastern District of Pennsylvania and shall continue in effect for two (2) years. During this time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate its purposes. Any application by any party to modify or vacate this Consent Decree during such period shall be made by motion to the Court on no less than 30 days' notice to the other party. Should any material disputes under this Decree remain unresolved after this two-year period, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Consent Decree) until such time as all disputes have been resolved.

13.     This case shall be and hereby is dismissed with prejudice, subject to this Court's jurisdiction to enforce the provisions of this Consent Decree.

14.     The Clerk of the District Court is hereby directed to send a file-stamped copy of this Consent Decree to counsel of record.

For Plaintiff EEOC:                                For Defendant RAM Industries, LLC

Ronald S. Cooper
General Counsel

Kevin A. Moore
James L. Lee                                        Attorney for Defendant RAM Industries
Deputy General Counsel


Gwendolyn Young Reams
Associate General Counsel
Wash., D.C.


EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

Jacqueline H. McNair
Regional Attorney

Terrence R. Cook
Supervisory Trial Attorney


Dawn M. Edge
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Philadelphia District Office
801 Market Street,
Penthouse, Suite 1300
Philadelphia, PA 19106
(215) 440-2687


7

APPROVED AND SO ORDERED THIS ___ DAY OF ‾‾, 200‾

By the Court:  _____

UNITED STATES MAGISTRATE JUDGE

8

## ATTACHMENT A

## <u>SETTLEMENT FUND ALLOCATIONS</u>

The following individuals will each receive the amounts indicated next to their respective names as referenced in Paragraph No.2 of the Consent Decree:

| | |
|---|---|
| Edna Blackwell | $40,000.00 |
| Norma Boyer | $45,000.00 |
| Kim Dries | $30,000.00 |
| Regina Johnson | $40,000.00 |
| Karen Kershner | $30,000.00 |
| Ulrike Stocum | $38,000.00 |
| Faye Keeley | $13,300.00 |
| Estate of Daisy Krick, Gina Niemczyk, Executrix | $30,000.00 |
| Carol Remp | $35,000.00 |
| Charlotte Wagner | $28,150.00 |

| | |
|---|---|
| **Total** | **$329,450.00** |

## ATTACHMENT B

## NOTICE TO ALL RAM INDUSTRIES EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the U.S. District Court for the Eastern District of Pennsylvania in EEOC v. RAM Industries LLC., Civil Action Number 08-0090 (E.D. Pa.), resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against RAM Industries LLC ("RAM Industries").

The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621 (the "ADEA"), prohibits discrimination against employees and applicants for employment based upon their age, 40 years of age or older. The ADEA further prohibits retaliation against employees or applicants who avail themselves of the rights under the ADEA by engaging in protected activities, such as filing a charge of discrimination and/or testifying or participating in a Commission investigation. The EEOC is a federal agency which investigates charges of unlawful employment discrimination. The EEOC has authority to bring lawsuits in Federal Court to enforce Title VII.

In its lawsuit, the EEOC alleged that RAM Industries discriminated against a class of older workers because of their age when it targeted them for lay off and subsequently terminated their employment. RAM Industries denies these allegations.

To resolve this lawsuit, RAM Industries the EEOC have entered into a Consent Decree which provided, among other things, that: (1) RAM Industries paid monetary relief; (2) RAM Industries will not discriminate on the basis of age; (3) RAM Industries will not retaliate against any person because she or he opposed any practice made unlawful by the ADEA, filed a charge of discrimination, participated in any ADEA proceeding, or asserted any rights under the Consent Decree; and (4) RAM Industries will provide training to certain management, Human Resources employees and employees regarding age discrimination and RAM Industries' policy prohibiting age discrimination.

If you believe you have been discriminated against, you may contact the EEOC at (215) 440-2600. The EEOC charges no fees and has employees who speak languages other than English.

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

**This Notice must remain posted for two years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to the: Regional Attorney, EEOC Philadelphia District Office, 801 Market Street, Penthouse, Suite 1300, Philadelphia, PA 19107**

By:   _____          By:   _____
For:   Equal Employment Opportunity              For:   RAM Industries
        Commission